**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DANIEL BAYSDELL,

      Petitioner,                         Civil No. 04-CV-73293-DT
                                           HONORABLE LAWRENCE P. ZATKOFF

v.                                         UNITED STATES DISTRICT JUDGE

CAROL HOWES,

      Respondent,

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO HOLD THE**
**HABEAS PETITION IN ABEYANCE, PERMITTING PETITIONER TO DELETE HIS**
**UNEXHAUSTED CLAIMS, DIRECTING RESPONDENT TO FILE A SUPPLEMENTAL**
**ANSWER, AND GRANTING PETITIONER TIME TO FILE A REPLY BRIEF TO THE**
**SUPPLEMENTAL ANSWER**

      Daniel Baydsell, ("Petitioner"), presently confined at the Crane Correctional Facility in

Coldwater, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §

2254, challenging his state court conviction for obstructing justice, M.C.L.A. 750.505; and being

a third felony habitual offender, M.CL.A. 769.11. Respondent, through the Michigan Attorney

General's Office, has filed a motion for summary judgment, urging this Court to dismiss the petition

for writ of habeas corpus because it contains four claims which have not been properly exhausted

with the Michigan courts. Respondent has not addressed the merits of petitioner's claims in its

motion. Petitioner has filed a response to the motion for summary judgment. In the response,

petitioner first argues that all eight of his claims have been exhausted. In the alternative, petitioner

has asked the Court to stay the proceedings and hold the petition in abeyance while petitioner returns

to the state courts to exhaust any unexhausted claims. In the alternative, petitioner asks this Court

to rule on the merits of his exhausted claims.

For the reasons stated below, the Court finds that petitioner has failed to exhaust four of the eight claims contained in the petition. The Court will further deny petitioner's request to hold the petition in abeyance. The Court will, however, permit petitioner to delete his unexhausted claims from his petition in order to adjudicate the merits of the four exhausted claims contained in the habeas petition. The Court further **ORDERS** the respondent to file a supplemental answer addressing the merits of the exhausted claims within sixty days of the Court's order, as well as any Rule 5 materials which may not have already been provided to the Court. Finally, the Court will grant petitioner forty-five days from the time that he receives the supplemental answer to file a reply brief to the supplemental answer.

## I.  BACKGROUND

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. The trial court sentenced Petitioner to 4 to 10 years imprisonment and Petitioner's conviction was affirmed on appeal. *See People v. Baysdell,* 235904 (Mich.Ct.App. February 14, 2003); *lv. den.* 469 Mich. 877; 668 N.W. 2d 148 (2003). Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I.  Whether the prosecutor committed misconduct by suppressing exculpatory evidence which could have reasonably affected the outcome of the trial.

II.  The trial court erred reversibly by allowing the jury to hear prejudicial bad acts testimony concerning defendant's prior convictions, prior acts of violence, and general questionable character, where defendant was being tried for a crime unrelated to the alleged "bad act" activities.

III.  During cross-examination, the prosecutor elicited testimony from the defendant that he had been incarcerated on prior occasions for other offenses.

IV.  Defendant's conviction must be reversed because the prosecution failed to present constitutionally sufficient evidence that the defendant was guilty of the crime of obstruction of justice.

2

V.  Defendant argues that his constitutional right to a speedy trial was infringed upon.

VI.  The trial court erred in denying defendant's motion to set aside the verdict where the post-conviction hearing revealed that a juror had conducted his own outside research as jury deliberations were ongoing and brought in printed materials taken from a computerized dictionary concerning the elements of the offense and the concept of reasonable doubt which was utilized by some of the jurors.

VII.  Whether the judge committed reversible error when re-reading the elements of the offense of obstruction of justice to the jury after learning of the numerical division then sending them back in to deliberations.

VIII.  Whether petitioner was denied the effective assistance of counsel where defense counsel gave petitioner a false and illusionary concept as to the seriousness of the offense and the possible penalties that the court could impose.

## II. <u>DISCUSSION</u>

The instant petition is subject to dismissal because it contains several claims that have not been properly exhausted with the state courts.  As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. *See* 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so.  *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).  Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims.  *See Pliler v. Ford,* 124 S. Ct. 2441, 2445 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

In the present case, petitioner never raised his first, fifth, seventh or eighth claims before the Michigan Court of Appeals on his appeal of right, raising them only for the first time in a *pro per* supplemental application for leave to appeal with the Michigan Supreme Court.

3

Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to present his first, fifth, seventh, or eighth claims on his appeal with the Michigan Court of Appeals, his subsequent presentation of these claims to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 844, n. 5 (E.D. Mich. 2001); *Winegar v. Corrections Department*, 435 F. Supp. 285, 288-89 (W.D. Mich. 1977). The instant petition is therefore subject to dismissal.

Petitioner has asked this Court to stay the proceedings and hold the instant petition in abeyance pending his return to the state courts to exhaust these four claims. The United States Supreme Court has recently ruled that a federal district court has the discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state courts in the first instance, and then to return to the federal district court for habeas review of his completely exhausted petition. *See Rhines v. Weber,* 125 S. Ct. 1528, 1532-36 (2005). However, the stay and abeyance of a federal habeas proceeding involving a mixed petition of exhausted and unexhausted claims is only appropriate when the district court determines that there was good cause for the petitioner's failure to exhaust his claims first in the state courts. *Id.* at 1535. Petitioner has failed to offer any reasons for his failure to properly exhaust these claims with the state courts. Because petitioner has failed to show good cause for failing to properly exhaust these claims, the Court declines to hold the instant petition in abeyance.

The Court will, however, permit petitioner to delete these four unexhausted claims from his petition in order to rule on the merits of his four exhausted claims, rather than dismissing the petition

outright.  Where a district court determines that the stay and abeyance procedure is inappropriate, it should permit the petitioner to delete the unexhausted claims and proceed with the exhausted claims, if dismissal of the entire habeas petition would impair the petitioner's ability to obtain federal habeas relief. *Rhines,* 125 S. Ct. at 1535.  In this case, the outright dismissal of the petition, albeit without prejudice, may result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the one year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Accordingly, the Court will permit petitioner to delete his first, fifth, seventh, and eighth claims from the petition and will permit him to proceed with his four exhausted claims.

The Court will also order respondent to file a supplemental answer addressing the merits of petitioner's four exhausted claims within sixty days of the Court's order.  This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition.  *See Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243.  The Court will therefore order respondent to file an answer which addresses the merits of petitioner's exhausted claims.

The Court also orders respondent to provide any Rule 5 materials which have not already been provided to the Court at the time it files its answer.  The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished.  *See Burns v. Lafler,* 328 F. Supp. 2d 711, 717 (E.D. Mich. 2004); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

The Court will also grant petitioner forty-five days following receipt of the supplemental answer to file a reply brief to the respondent's answer.  Rule 5(e) of the Rules Governing § 2254

Cases, 28 U.S.C. foll. § 2254 states that a habeas petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge."

## III.  ORDER

**IT IS HEREBY ORDERED** that petitioner's motion to stay the proceedings and hold the petition in abeyance is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion to delete the first, fifth, seventh, and eighth unexhausted claims from his petition is **GRANTED.**

**IT IS FURTHER ORDERED** that respondent shall file a supplemental answer addressing the merits of petitioner's exhausted claims and any Rule 5 materials which have not yet been provided to the Court within **sixty days** of the Court's order.

**IT IS FURTHER ORDERED** that petitioner shall have **forty-five days** from the date that he receives the supplemental answer to file a reply brief.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  August 1, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 1, 2005.

s/Marie E. Verlinde
Case Manager
(810) 984-3290